**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:    Howard Stern, as Executor of the Estate of Vickie Lynn Marshall v. Elaine Marshall, Individually, as Independent Executrix of the Estate of E. Pierce Marshall, as trustee of the Marshall Grandchildren's Trust for the benefit of E. Pierce Marshall, Jr., as trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall, as trustee of the Bettye B. Marshall Living Trust, as trustee of the J. Howard Marshall, II, Marital Trust Number Two, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the E. Pierce Marshall Family Trust created under the Bettye B. Marshall Living Trust Indenture dated October 30, 1990, as trustee of the Marshall Petroleum, Inc., Stock Holding Trust, as trustee of the Marshall Heritage Foundation, and as trustee of the Marshall Legacy Foundation; E. Pierce Marshall, Jr., Individually, as trustee of the Marshall Petroleum, Inc., Stock Holding Trust, as trustee of the Marshall Heritage Foundation, and as trustee of the Marshall Legacy Foundation; Preston Marshall, Individually, as trustee of the Marshall Petroleum, Inc., Stock Holding Trust, as trustee of the Marshall Heritage Foundation, and as trustee of the Marshall Legacy Foundation; Robert McIntyre, as temporary administrator of the Estate of J. Howard Marshall, II; Marshall Petroleum, Inc. n/k/a Trof, Inc.; Trof, Inc., f/k/a Marshall Petroleum, Inc.; Finley Hilliard, individually, as trustee of the Grantor Retained Annuity Trust, as trustee of the J. Howard Marshall Charitable Lead Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number Two, and as trustee of the J. Howard Marshall, II, Family Trust; Ken Farrar, as trustee of the J. Howard Marshall, II, Liquidating Trust Number One, and as trustee of the J. Howard Marshall, II, Family Trust; and Dr. Stephen Cook, as trustee of the J. Howard Marshall, II, Living Trust

Appellate case number: 01-02-00114-CV

Trial court case number:     276815402

Trial court:                    Probate Court No. 2 of Harris County

On May 12, 2014, Charles Koch, Don Cordes, and Koch Industries, Inc. ("Koch Parties") filed an "Unopposed Motion to Dismiss," asking the Court "to dismiss them from this appeal." We deny the motion.

In their motion, the Koch Parties contend that they should be dismissed from this appeal because "there are no active claims on appeal pending against the Koch Parties" and that we should "authoritatively clarify that the Koch Parties do not need to file an appellees' brief."

Texas Rule of Appellate Procedure 3.1(c) defines an "appellee" as "a party adverse to an appellant." TEX. R. APP. P. 3.1(c). "Unlike an appellant, who must file a notice of appeal and identify himself or herself, an appellee need not be definitively identified until the appellant's brief is filed. An appellee, however, must be a party to the trial court's final judgment and must be someone against whom the appellant raises issues or points of error in the appellant's brief." *Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Gray v. Allen*, 41 S.W.3d 330, 331 n.2 (Tex. App.—Fort Worth 2001, no pet.)).

Here, appellant, Howard Stern, as Executor of the Estate of Vickie Lynn Marshall, has not yet filed a brief. If appellant raises an issue or point of error against the Koch Parties in his brief, then the Koch Parties will be "appellees" in this appeal; should appellant not raise any issue or point of error on appeal involving the Koch Parties, however, the Koch Parties will not be "appellees." *See Showbiz Multimedia*, 303 S.W.3d at 771 n.3 (requiring issues or points of error to be raised against party by appellant in appellant's brief for party to be "appellee"). Accordingly, we cannot yet determine whether the Koch Parties are "appellees." Further, unless appellant raises an issue or point of error against the Koch Parties, they will not be proper parties to this appeal and will not need to file an appellee's brief or a motion to dismiss. *See* TEX. R. APP. P. 38.1, 38.2, 38.3 (establishing requirements of briefs, which are filed by appellant and appellee).

Finally, to the extent the Koch Parties request that we issue a judgment dismissing them from this appeal, such a judgment would be premature and interlocutory.

Accordingly, we deny the Koch Parties' motion to dismiss.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                         ☒ Acting individually     ☐ Acting for the Court

Date:  May 20, 2014